Peck, J.
delivered the opinion of the court.
This was an action of ejectment for six hundred and' forty acres of school land, in Tally’s Cove, 2d district. The plaintiff recovered a judgment. It is only necessary to notice the questions raised upon the trial. The court was called upon to instruct the jury that the eom-.missioners ought to have taken an oath; this the court declined to charge. The court was also called upon to charge, that the school commissioners should have given bond and security as required by law. This the court, also declined.
The court was further' called upon to instruct the jury, that the act of 1831, ch. 17, was so far a repeal of the *125 act -of the same session, (ch. 15), that three commissioners only ought to have been appointed for Franklin county, and that they could not be appointed before January term, 1832. This the court also refused to do.
The court was further called upon to charge, that the order appointing the lessors of the plaintiff commissioners, wag not sufficiently special in describing the land. This the court also refused to charge.
A verdict and judgment were rendered for the plaintiff. A motion for a new trial made, and overruled.
The grants for school lands, in their form, do not vest 'the title in any person or body of‘persons in particular. See act of 1817, ch. 126. But the grants, .upon their ..face, is a designating and setting-apart. the land to a particular use; that of schools for the instruction of children.
When these defendants entered -their plea, upon which issue was taken, they confessed lease, entry and ouster,, and put themselves upon their title only, and that was the matter to be tried. We will not inquire if any person could sue for and recover, so as to preserve the estate and advance the use; it is enough in this case, to show that prima facie, these plaintiffs in the action of ejectment were commissioners; they represent themselves as such in the frame of their declaration, and sustain that description by an order of the court appointing them. To allow the defendants to examine for errors in all the proceedings constituting the plaintiffs commissioners, would be permitting the defendants to depart from the matter in issue. The acts of Assembly, taken together, are broad enough to make persons accountable for holding the school lands, and recovering the rents. The very act of suing, places them in a condition which forbids them to deny their character of commissioners. The court, to preserve the use, will apply every intendment of law in-support of it, rather than that the use should fail, or the title be defeated for the want of a person to preserve it.
*126 |*ot m the caso beiorn tlio court, wc arc pot driven ¿o a strained construction-to support the power to cao.— When the issue is inade, it must be fried upon ibo opposing titles. j'Toro was a grant dosiguwiinp; ovid noiUug apart this hind a,.; school laud; a lease confessed, and au ■igi'cinmont to try upon ihc title.
Wo arc bound to suppose, that as far as the title was concerned, the court insti-mitcd the jury correctly. The c’jJl for ins< ructions on tito points stitoil, was a. demand by she defendant to have charges upon points wholly im-ir.'dorinl, ard which, had they boon decided, would not. iiu.vo p/wed tho title of tho defendants tho superior titlo'f
P,ma facie, the proper persons wore phiiniifib before inn court to preservo ihc estate," and as it is probable the school giant was the older and bettor title, for any thing r.bmvn to the contrary in tbo record, their right, to sun K'íir.e bo ij.'b.u t..s ktsíücícíií, ünJorc the defendants bad r.h«*w that they had been superseded by the appointment «if u'ihroi, ‘Tin ai-thorny in thcr.o pkinii-Ts wis sufficient, iko orcos «'/, tic v.nui.y court 7cited in íbesn tho ¿<-bí to wo, mid afvi they Cwto’I 4o grrc bend, could isor defeat ¿lie sailhi >kiiy.
Jadgmom